IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| VLSI Technology LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Patent Quality Assurance, LLC, and <br><br> Joseph Uradnik, <br><br> Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendants Patent Quality Assurance, LLC ("PQA") and Joseph Uradnik, by and through their undersigned counsel, hereby jointly give notice of the removal of this action from the Circuit Court of the City of Alexandria to the United States District Court for the Eastern District of Virginia, Alexandria Division. Removal is made pursuant to 28 U.S.C. §§ 1441, 1446 and includes all claims and causes of action in the civil action styled *VLSI Technology LLC v. Patent Quality Assurance, LLC*, Case No. CL24001093 (the "State Court Action") now pending in the Circuit Court of the City of Alexandria, Virginia. Removal to this Court is proper because (1) this Court has original jurisdiction over this case and (2) the United States District Court for the Eastern District of Virginia, Alexandria Division, is the district embracing the place where the litigation is pending. In support of this Notice of Removal, Defendants state as follows:

1. Plaintiff VLSI Technology LLC is a foreign-owned patent assertion entity whose sole business is to sue American companies for patent infringement based on the alleged inventions of others. Plaintiff filed a complaint against PQA in the Circuit Court of the City of Alexandria.

1

As discussed below, the complaint is baseless for multiple reasons including lack of personal jurisdiction over the Defendants, failure to state a claim, res judicata, and collateral estoppel based on issues already decided by the United States Patent and Trademark Office ("USPTO").

2. Defendant PQA was served with the complaint and voluminous discovery requests on February 23, 2024. Defendant Joseph Uradnik was served with the same complaint and discovery requests no earlier than February 23, 2024. A copy of all process, pleadings and orders served upon Defendants to date in the State Court Action are attached as Exhibit A (hereinafter, "Complaint").

3. Plaintiff's Complaint arises out of an *inter partes review* ("IPR") proceeding that recently concluded at the USPTO. *See Patent Quality Assurance LLC et al. v. VLSI Technology LLC*, No. IPR2021-01229 (P.T.A.B. July 7, 2021) ("the IPR").

4. Plaintiff alleges four counts against defendants, which include both federal questions and state claims: (1) abuse of process; (2) fraud; (3) statutory business conspiracy under Va. Code § 18-2-499-051; and (4) conspiracy.

5. Plaintiff is seeking damages that Plaintiff estimates to be approximately $3.2 million, "which includes the attorneys' fees and costs [Plaintiff] incurred in defending against the IPR proceeding…" Complaint ¶ 79.

6. Because the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, Defendants are seeking removal from the Circuit Court of the City of Alexandria.

7. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1441(a).

8. This Notice of Removal is timely filed "within 30 days after the receipt . . . of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1).

9.      In accordance with 28 U.S.C. § 1446(d), Defendants will provide written notice of the removal of this action to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the City of Alexandria.

## BACKGROUND

10.     In 2013, Congress passed the America Invents Act ("AIA"), which established the framework for IPR proceedings in front of the Patent Trial & Appeal Board ("PTAB") at the USPTO. IPR proceedings were provided so that "a person who is not the owner of a patent may file with the Office a petition to institute an inter partes review of the patent" so that a "petitioner in an inter partes review may request to cancel as unpatentable 1 or more claims of a patent." 35 U.S.C. § 311(a)-(b). In other words, an IPR may be filed by any person (not the patent owner) for the purpose of asking the USPTO to reconsider whether claims of an issued patent should have been granted in the first place. If the PTAB determines claims of the patent should not have been granted, those unpatentable claims are cancelled and may no longer be asserted by the patent owner. *See* 35 U.S.C. § 318(a).

11.     Two years prior to the IPR and after Plaintiff sued U.S. company Intel Corporation for infringing U.S. Patent No. 7,523,373 ("the '373 Patent") (a patent Plaintiff purchased), Plaintiff took advantage of a loophole in USPTO procedures to avoid IPR review of the '373 Patent (filed by Intel). By avoiding IPR review, Plaintiff was able to obtain a $1.5 billion jury verdict on the '373 Patent in the lawsuit against Intel. *See VLSI Technology LLC v. Intel Corp.*, 6:19-cv-00254 (W.D. Tex.). PQA believed the '373 Patent was invalid and that it would have been found invalid but for the loophole exploited by Plaintiff—a loophole the USPTO has subsequently revised to avoid similar issues. As permitted under federal law, PQA filed an IPR asking the USPTO to consider whether the claims of the '373 Patent should have been granted in the first place. The

USPTO agreed with PQA and cancelled all claims of the patent, which will likely erase the $1.5 billion jury verdict against Intel.

12. The Director of the USPTO engaged in what she deemed a "Director Review" of the institution decision in the IPR, which included consideration of Plaintiff's arguments (1) that PQA abused the IPR process, (2) that PQA made misleading statements in the IPR, and (3) that PQA should have to pay Plaintiff's attorneys' fees as a result of the alleged abuse of process and misleading statements. The so-called Director Review was separate from the standard IPR proceeding. As recognized by the Director, the review procedure was a new and unprecedented procedure that had not been previously conducted by the USPTO. *See* IPR2021-01229, Paper 31 at 2, Paper 35 at 7.[1] As such, the Director was establishing procedures for a Director Review on the fly. PQA's position in mandamus briefing to the United States Court of Appeals for the Federal Circuit and currently on appeal is that the Director exceeded her authority in the Director Review including by placing onerous and unauthorized discovery burdens on the parties. Congress was clear in enacting the IPR laws that IPR was intended to be a low-cost alternative to litigation and, thus, granted limited discovery powers through the enabling federal statute. 35 U.S.C. § 316(a)(5) ("… discovery shall be limited to…").

13. In the Director Review, Plaintiff moved for an award of attorney fees based on the same allegations raised in Plaintiff's Complaint. Despite Plaintiff's extreme efforts (Plaintiff now alleges it spent $3.2 million on the IPR proceeding (an amount that is many times more than what a party regularly pays for attorneys' fees in the average IPR), the Director of the USPTO did not

---

[1] The court may take judicial notice of matters of public record, such as administrative proceedings. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

find that PQA abused the IPR process and did not agree that sanctions of attorneys' fees were warranted for any of PQA's actions in the IPR.

14. Plaintiff appealed the PTAB's decision, including the Director's refusal to find an abuse of process and refusal to award attorneys' fees. That appeal is currently pending in the United States Court of Appeals for the Federal Circuit. *See VLSI Technology LLC v. Patent Quality Assurance LLC*, Nos. 23-2298, 23-2354 (Fed. Cir. Aug. 18, 2023).

15. As part of the Director's Review, the Director admonished PQA for its responses to the Director's onerous discovery requests, but the novel federal question of whether the Director had the authority to issue that discovery in a newly minted procedure is also on appeal before the Federal Circuit.

16. Despite losing the issues related to abuse of process and attorneys' fees at the USPTO and despite the fact that those very issues are pending in Plaintiff's appeal at the Federal Circuit, Plaintiff nevertheless filed the Complaint in state court—in a state that has no personal jurisdiction over either Defendant—alleging the exact same abuse of process claim and seeking the same attorneys' fees the Director of the USPTO already determined were unwarranted.

17. Plaintiff's state court complaint is wholly deficient for myriad reasons, all of which Defendants will address in separate briefing to the Court. These deficiencies include: (1) there is no personal jurisdiction over either Defendant in Virginia; (2) Plaintiff's claims, which attempt to quell PQA's First Amendment right to petition the government, are barred by the Noerr-Pennington doctrine; (3) Plaintiff's claims are barred by Virginia's anti-SLAPP statute, Va. Code § 8.01-223.2; (4) Plaintiff's claims of abuse of process and for attorneys' fees are barred by the doctrine of res judicata (common law and/or Virginia Rule 1:6) because they were already litigated at the PTAB and are currently the subject of a pending appeal at the Federal Circuit; (5) the statute

5

of limitations has run on Plaintiff's fraud claim; (6) Plaintiff has failed to state a claim for abuse of process because it has not alleged PQA's allegedly improper acts were in a regular prosecution of IPR proceedings; (7) Plaintiff has no legal basis to justify fee shifting. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (restating the "American Rule" under which "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary").

## JURISDICTION UNDER §§ 1331 and 1367

18. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1367 because the Complaint raises a substantial federal question and because any state law claims arise from the same case or controversy.

19. Here, Plaintiff filed for relief based on, *inter alia*, allegations of abuse of process related to an IPR proceeding at a federal agency that is governed by federal statutes and regulations. Plaintiff's claim raises a substantial federal question because "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Old Dominion Electric Coop. v. PJM Interconnection, LLC*, 24 F.4th 271, 280 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 87 (2022) (*citing Gunn v. Minton*, 568 U.S. 251, 258 (2013) (*citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005)).

20. "The 'substantial federal question' doctrine operates to permit removal of a complaint from state court where 'a plaintiff's ability to establish the necessary elements of his state law claims must rise or fall on the resolution of a question of federal law.'" *Old Dominion*, 24 F.4th at 280 (*citing Pinney v. Nokia, Inc.*, 402 F.3d 430, 449 (4th Cir. 2005)).

21. To prevail in a cause of action for abuse of process, Plaintiff must plead and prove: "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Donohoe Const. Co., Inc. v. Mt. Vernon Associates*, 369 S.E.2d 857, 862–63 (Va. 1988). In the context of the process alleged to have been abused (the IPR), the second prong of this test necessarily raises questions under federal law. Specifically, plaintiff must prove that PQA's actions were not proper "in the regular prosecution" of IPR proceedings, i.e., federal administrative agency proceedings that are governed by federal statutes and regulations. *See Nat'l Fed'n of Indep. Bus. v. Dep't of Lab., Occupational Safety & Health Admin.*, 142 S. Ct. 661, 665 (2022) ("Administrative agencies are creatures of statute. They accordingly possess only the authority that Congress has provided."). Plaintiff's claims necessarily require a determination of what constitutes the regular prosecution of IPR proceedings and whether PQA's actions therein were improper (i.e., a violation of federal regulations or statutes). These federal issues are necessarily raised at least in paragraphs 78, 82, 90, and 94 of the Complaint wherein Plaintiff alleges Defendants failed to properly follow the statutory and regulatory framework governing a federal agency proceeding, *i.e.*, an *inter partes* review of an issued patent.

22. As one example, Plaintiff's claim requires a determination of whether the Director Review was part of the regular prosecution of an IPR proceeding. The Director's Review was a new and separate procedure from the actual IPR proceeding. Indeed, the IPR proceeding finding the patent invalid was completed on June 13, 2023, while the Director's Review extended until December 13, 2023. As another example, Plaintiff's claim requires a determination of whether the discovery issued by the Director was permitted in the regular prosecution of a proceeding. The court will need to interpret federal statutes and regulations including the statutory basis for this new procedure and the scope of the Director's authority to make those determinations.

23. The interpretation of the federal statutes and regulations related to the IPR is actually disputed as evidenced by the actual dispute in the agency proceeding, in mandamus briefing before the Federal Circuit, and in an appeal of the agency decision pending before the United States Court of Appeals for the Federal Circuit. *See* Plaintiff's Amended Docketing Statement, *VLSI Technology LLC v. Patent Quality Assurance* LLC, Case No. 2023-2298, Dkt. 40, 2 (Fed. Cir. filed Feb. 23, 2024).

24. The federal issues raised by Plaintiff's abuse of process claim are substantial at least because the dispute concerns "the construction or application of federal law," *Grable & Sons Metal Products, Inc. v. Darue Engr. & Mfg.*, 545 U.S. 308, 312 (2005) (quoting *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), and the USPTO seeks to vindicate its own administrative action (as the Director is doing in the pending Federal Circuit Appeal). *Gunn v. Minton*, 568 U.S. 251, 260–61 (2013) (*citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308). Plaintiff's abuse of process claim also raises federal constitutional issues including a First Amendment right to petition the government.

25. Plaintiff's complaint also raises a Fourteenth Amendment Due Process concern related to personal jurisdiction over Defendants based solely on interacting with the USPTO in Virginia. A finding of personal jurisdiction would create a national super court over individuals interacting with federal agencies located in Virginia. *Nader v. The Democratic Nat. Comm.*, 555 F. Supp. 2d 137, 156–57 (D.D.C. 2008), *aff'd on other grounds sub nom. Nader v. Democratic Nat. Comm.*, 567 F.3d 692 (D.C. Cir. 2009) (articulating constitutional concerns in allowing liability for petitioning activities); *Envtl. Research Intern., Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808, 813 (D.C. App. 1976) (*en banc*) (articulating constitutional concerns in allowing personal jurisdiction over petitioners).

26. The federal questions raised by Plaintiff's abuse of process claim are capable of resolution in federal court without disrupting the federal-state balance approved by Congress. In particular, the Commonwealth of Virginia has no particularized interest here. None of the defendants (or the members of Defendant PQA) reside in the Commonwealth. None of defendants (or the members of Defendant PQA) have any connection with the Commonwealth except by virtue of electronic filings with a federal agency located in Alexandria. Plaintiff does not reside in the Commonwealth and does not appear to have any connection with the Commonwealth except by virtue of electronic filings with a federal agency located in Alexandria and in-person filings in the State Court Action.

27. On its own, a litigant's attempt to seek attorneys' fees and costs related to federal agency proceedings raises a substantial federal question as to the scope of fees permitted under federal law in such proceedings. Allowing collateral state proceeding on these issues could open the door to systemic abuse and harassment of parties involved in federal proceedings.

28. To the extent Plaintiff's remaining claims (Counts 2–4) may not also raise the same federal issues, the Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over those remaining claims because they form part of the same case or controversy as claims where the Court has original jurisdiction.

29. Thus, under 28 U.S.C. §§ 1331 and 1367(a), this Court has original jurisdiction over all four of Plaintiff's claims.

30. Because this Notice of Removal is being filed within thirty (30) days of the Plaintiff's service of the complaint on Defendants, this removal is timely pursuant to 28 U.S.C. § 1446(b).

31.     WHEREFORE, Defendants, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, remove this action in its entirety from the Circuit Court of the City of Alexandria to the United States District Court for the Eastern District of Virginia, Alexandria Division.

Dated: March 20, 2024                               Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly, Esq.
VSB # 20942
209 Madison Street
Suite 501
Alexandria, VA 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 20th day of March 2024, I served via email upon the following:

    Ellen D. Marcus (Virginia Bar No. 44314)
    HOLMES COSTIN & MARCUS PLLC
    908 King Street, Suite 330
    Alexandria, Virginia 22314
    (703) 991-7951
    emarcus@hcmlawva.com

    Michael S. Schachter
    Steven J. Ballew
    WILLKIE FARR & GALLAGHER LLP 787 7th Avenue
    New York, New York 10019
    (212) 728-8000
    mschachter@willkie.com
    sballew@willkie.com

    Joshua L. Solomon
    POLLACK SOLOMON DUFFY LLP
    31 St. James Avenue, Suite 940
    Boston, Massachusetts 02116
    (617) 960-0556
    jsolomon@psdfirm.com

    */s/ Craig C. Reilly*
    Craig C. Reilly, Esq.

    *Attorney for Defendants*